IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALLTRU FEDERAL CREDIT UNION, F/K/A, 1ST FINANCIAL FEDERAL CREDIT UNION<br><br>　　　Plaintiff,<br><br>vs.<br><br>ALLIED SOLUTIONS, LLC,<br><br>　　　Defendant. | Case No.: 4:22-cv-819<br>(Removal from the Circuit Court of St. Charles County, 11th Judicial Circuit Case No. 2211-CC00626)<br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Allied Solutions, LLC hereby files this Notice of Removal of this Case from the Circuit Court of St. Charles County, State of Missouri, Civil Action 2211-CC00626, where it is currently pending, to the United States District Court for the Eastern District of Missouri based on diversity jurisdiction. As grounds for removal, Defendant states as follows:

1.	Plaintiff Alltru Federal Credit Union, f/k/a, 1st Financial Federal Credit Union ("Plaintiff") filed its Petition in the Circuit Court of St. Charles County, State of Missouri, Civil Case No. 2211-CC00626, naming Allied Solutions, LLC (hereinafter, "Defendant") as the defendant. (Exhibit A, Circuit Court File).

2.	Defendant accepted service of Plaintiff's Petition on July 11, 2022. (Exhibit B, email correspondence between counsel).

3.	Plaintiff is organized as a federally chartered credit union and exists under the laws of the United States of America and the National Credit Union Administration with its principal

1

place of business in Wentzville, Missouri. (Exhibit A, Petition ¶ 1). Accordingly, Plaintiff is a Missouri citizen for purposes of diversity jurisdiction.

4. An LLC's citizenship "for purposes of diversity jurisdiction is the citizenship of its members." *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (citations omitted).

5. As of the commencement of this case and at all times since, Defendant's sole member was and is Minnesota Life Insurance Company, which is incorporated in Minnesota with its principal place of business in Minnesota. Exhibit C, Affidavit of Kelly E. Miller.

6. A corporation's citizenship for purposes of diversity jurisdiction is: (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located. 28 U.S.C § 1332(c)(1); *see also Dillard Dept. Stores, Inc.*, 357 F.3d at 828.

7. A corporation's principal place of business is the place where its "high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 78 (2010). Normally, it is where the corporation maintains its headquarters (i.e. its "nerve center"). *Id*.

8. For purposes of federal diversity jurisdiction, Defendant's citizenship is the citizenship of its sole member, Minnesota Life Insurance Company. Accordingly, during all relevant time periods, Defendant was, and is, a citizen of the State of Minnesota.

9. Defendant is not and has not been a citizen of the State of Missouri for purposes of federal diversity jurisdiction.

10. At the time this action commenced and at all times since, Plaintiff and Defendant were and remain citizens of different states.

11. Plaintiff's Petition does not specify the amount of damages sought in this matter.[1] To satisfy the amount in controversy requirement, Defendant must show by a preponderance of the evidence only that "a fact finder could legally conclude from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (party seeking removal must show only that the claims originally asserted in the complaint "could, that is might, legally satisfy the amount in controversy requirement.").

12. In its Petition, Plaintiff seeks damages related to alleged negligence and breach of fiduciary duty resulting from failing to procure adequate insurance for its business operations. (Exhibit A, Petition at 8-10). Specifically, Plaintiff alleges that "[a]s a direct result of Allied's departure from the standard of care, plaintiff sustained actual damages in excess of $10,000,000.00[]" and that "[a]s a direct result of Allied's violation of its fiduciary duties, plaintiff sustained actual damages in excess of $10,000,000." *Id.* at ¶¶ 46, 52.

13. Accordingly, a fact finder might legally conclude that the damages sought are greater than $75,000.00.

14. Therefore, this is a civil action over which the District Courts of the United States have original jurisdiction under diversity of citizenship under 28 U.S.C. § 1332(a)(1).

15. This Notice of Removal is being filed within thirty (30) days after receipt by Defendant through service of a copy of the initial pleading setting forth Plaintiff's claim for relief.

16. Removal of this action is not prohibited by any federal statute.

---

[1] Missouri Rules of Civil Procedure do not permit Plaintiffs to specify the amount of any alleged monetary damages. *See* Mo. R. Civ. P. 55.05 ("If a recovery of money be demanded… in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority…").

3

17. Attached hereto as Exhibit A are all process, pleadings, orders, and other documents then on file in the Circuit Court of St. Charles County, State of Missouri and served upon this Defendant.

18. After filing this Notice of Removal, Defendant will file a copy of this pleading with the Clerk of the Circuit Court of St. Charles County, State of Missouri.

19. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a written brief and oral argument in support of its position that this action is removable.

WHEREFORE, Defendant, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Charles County, State of Missouri, effects the removal of said civil action to this Honorable Court.

This 5th day of August, 2022.

    Respectfully submitted,

    McANANY, VAN CLEAVE & PHILLIPS
    505 North 7th Street,   Suite 2100
    St. Louis, Missouri 63101
    314-621-1133
    314-621-4405 – facsimile

    By:   /s/ Gregory T. Cook
        Gregory T. Cook       #57408 MO
        gcook@mvplaw.com
        Aidan R. Hayward     #73133 MO
        ahayward@mvplaw.com
        *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 5th day of August, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF system which generated electronic notice of same to all counsel of record.

/s/ Gregory T. Cook