IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| ALLTRU FEDERAL CREDIT UNION,<br>F/K/A, 1ST FINANCIAL FEDERAL CREDIT<br>UNION, | ) <br> ) <br> ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 4:22-cv-819 |
| vs. | ) | (Removal from the Circuit Court of |
| | ) | St. Charles County, 11th Judicial |
| ALLIED SOLUTIONS, LLC, | ) | Circuit, Case No. 2211-CC00626) |
| | ) | |
| Defendant. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S REQUESTS FOR ATTORNEYS' FEES AND PRE-JUDGMENT INTEREST

COMES NOW Defendant Allied Solutions, LLC ("Allied" or "Defendant"), by and through its undersigned counsel, and states the following for its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the Alternative, to Strike Plaintiff's Request for Attorneys' Fees and Pre-Judgment Interest pursuant to Federal Rule of Civil Procedure 12(f):

### PRELIMINARY STATEMENT

The Complaint is brought by Alltru Federal Credit Union, formerly known as 1st Financial Federal Credit Union, who claims that Defendant, as its insurance broker, failed "to recommend the appropriate type of coverage with appropriate limits to protect against consumer class action litigation[,]" Compl. ¶ 44, and that "[a]s a direct result of Allied's failure to recommend and procure the appropriate type of coverage with policy limits that were reflective of the risk associated with the size and scope of plaintiff's operations, despite Allied having knowledge of

1

plaintiff's risk, plaintiff was woefully uninsured and underinsured." *Id*. ¶ 36. In the Complaint, Plaintiff purports to allege counts against Defendant for negligence (Count I) and breach of fiduciary duty (Count II), *id*. ¶¶ 37-52, and requests attorney's fees and pre-judgment interest. Compl. at 10.

The alleged facts underlying Plaintiff's purported causes of action are as follows: Plaintiff alleges that on July 3, 2019, it "was sued in a class action lawsuit in the City of St. Louis, Missouri, Circuit Court by Stuart Radloff, Trustee for the Bankruptcy Estate of Jerome Talamante . . . ." *Id*. ¶ 13. The Radloff class action alleged violations of the Uniform Commercial Code's pre- and post-sale notice requirements. *Id*. ¶ 14. Plaintiff alleges that it reported the filing of the Radloff class action to Defendant "for the purpose of providing notice of the claim to all carriers from whom plaintiff had purchased insurance whose policies might potentially afford coverage for any or all the claims contained therein[,]" *id*. ¶ 20 and that "[o]f the carriers who were notified, all ultimately denied coverage. However, they agreed to provide a defense under a reservation of rights." *Id*. ¶ 21. Plaintiff alleges that it subsequently settled the Radloff case pursuant to the advice of its defense counsel, *id*. ¶ 23, that it engaged counsel "to pursue enforcement of the insurance policies sold to plaintiff under Allied's watch, resulting in one settlement that is subject to a confidentiality provision[,]" *id*. ¶ 24, and that it "has incurred and will continue to incur significant attorney's fees in the pursuit of those claims." *Id*. ¶ 25.

Plaintiff further alleges that Defendant should have known of the risk of exposure to class action liability relating to Plaintiff's loan practices because Defendant had knowledge of a similar prior suit against one of its credit union clients in the St. Louis area, *id*. ¶¶ 26-31, that "Allied served as plaintiff's insurance broker for the agreed upon purpose of Allied using its expertise to evaluate plaintiff's insurance needs, determine the scope of coverage and coverage limits needed

following review of plaintiff's business operations and risks, and to procure insurance coverage for plaintiff sufficient to adequately insure against the risks facing plaintiff's business[,]" *id.* ¶ 5, and that "[t]he fiduciary relationship [between Allied and Plaintiff] was created by agreement between Allied and plaintiff." *Id.* ¶ 50.

These allegations amount to no more than threadbare recitals of the requirements to establish that Defendant owed an expanded duty to Plaintiff. *Cf. Emerson Elec. v. Marsh & McLennan Companies*, 362 S.W.3d 7, 13, 19 (Mo. banc 2012) (an insurance broker does "not have a duty to advise the insured on its insurance needs or on the availability of particular coverage unless they ***specifically agree*** to do so" or unless the broker's duty becomes expanded as a result of the parties' conduct during their association.) (emphasis added). Plaintiff has not pleaded sufficient facts that give rise to the inference that there was a specific agreement between Plaintiff and Defendant in which they agreed that Defendant would advise Plaintiff on the availability and advisability of particular types of insurance. *Emerson Elec.*, 362 S.W.3d at 13. Nor has Plaintiff pled facts sufficient to give rise to a reasonable inference that Defendant's duty was altered as a result of the parties' conduct during their relationship. *Id.* at 19.

The vague allegations in the Complaint are similar to the allegations pleaded in a similar lawsuit brought by the same counsel on behalf of a different credit union against Allied. *See generally Together Credit Union v. Allied Sols., LLC*, No. 4:20CV1084 HEA, 2022 WL 605233, at *3 (E.D. Mo. Mar. 1, 2022). In *Together Credit Union*, the plaintiff filed an initial complaint that fell short of stating a claim for relief. *See Together Credit Union v. Allied Sols., Inc.*, No. 20CV1084HEA, 2021 WL 1105502, at *1–2 (E.D. Mo. Mar. 23, 2021). After the court dismissed the complaint for failure to state a claim, the plaintiff amended its complaint to include one specific factual allegation relating to the relationship between the parties—namely, that the defendant

attended meetings of the plaintiff's board of directors—and the court found the amended complaint sufficient to survive a motion to dismiss pursuant to *Emerson Electric*. *Allied Sols., LLC*, 2022 WL 605233, at *3.

Here, unlike the plaintiff in *Together Credit Union*, Plaintiff has failed to plead any sufficient factual content from which it could reasonably be inferred that Defendant undertook an expanded role as its insurance broker. In particular, Plaintiff has not alleged any facts like the allegation relating to the board of directors meeting in the amended complaint in *Together Credit Union. See* 2022 WL 605233, at *2. That is, in *Together Credit Union*, the plaintiff cited to at least ***some*** factual matter that actually referenced a specific event that took place involving the parties to support its claims, but with respect to the Complaint, there is no such factual matter alleged. Accordingly, any argument from Plaintiff that the amended complaint in *Together Credit Union* is indistinguishable from the Complaint here should be rejected.

Moreover, Plaintiff's allegations that "Allied served as plaintiff's insurance broker for the agreed upon purpose of Allied using its expertise to evaluate plaintiff's insurance needs, determine the scope of coverage and coverage limits needed following review of plaintiff's business operations and risks, and to procure insurance coverage for plaintiff sufficient to adequately insure against the risks facing plaintiff's business[,]" Compl. ¶ 5, and that a "fiduciary relationship was created by agreement between Allied and plaintiff[,]" *id*. ¶ 50, are merely legal conclusions couched as allegations of fact that, without supporting factual allegations, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Because Plaintiff has

failed to allege facts which show that it is plausible that it will succeed on its claims for negligence and breach of fiduciary duty, the Court should dismiss the Complaint for failure to state a claim. *Iqbal*, 556 U.S at 678.

Alternatively, Plaintiff's requests for attorneys' fees and pre-judgment interest should be stricken with prejudice as redundant, immaterial, impertinent, or scandalous pursuant to Federal Rule of Civil Procedure 12(f) because Plaintiff has not pleaded—and there is not—any basis that would entitle it to recover attorneys' fees or pre-judgment interest. Plaintiff's request for an award of attorneys' fees should be stricken as there are no applicable statues that allow for an award of attorneys' fees for pursuing insurance coverage, because there is no contract that obligates Defendant to pay the cost of pursuing coverage, and because Plaintiff has not pled that there is a contract or statute that obligates Defendant to pay the cost of pursing coverage from Plaintiff's insurers. *See Lucas Stucco & EIFS Design, LLC v. Landau*, 324 S.W.3d, 444, 445 (There are two situations in which attorney fees are recoverable in Missouri: when recovery is specifically authorized by statue "and when the contract provides for attorney fees.") (citing *Essex Contracting, Inc. v. Jefferson Cnty.*, 277 S.W.3d 647, 657 (Mo. banc 2009)). Similarly, the Court should strike Plaintiff's request for pre-judgment interest as Plaintiff has not alleged that prejudgment interest is recoverable under any statute or contract, and because Plaintiff is unable to recover prejudgment interest under any statute or contract. While Plaintiff will likely argue that it can recover pre-judgment interest under RSMo. § 408.020, it is unable to do so because the claims are unliquidated due to a bona fide dispute as to their amount and because Plaintiff has not made a demand for payment of prejudgment interest that is definite as to time and amount.  *See* § 408.020; *see also Child. Int'l v. Ammon Painting Co.*, 215 S.W.3d 194, 204-205 (providing that "Missouri courts may only order prejudgment interest under section 408.020 if the claim is either liquidated,

5

meaning fixed and determined, or readily ascertainable by computation or recognized standards[,]" that "[a] bona fide dispute as to the amount of damages owed will result in the damages being classified as unliquidated[,]" that "[under section 408.020], prejudgment interest on liquidated claims is allowed only after the account holder demands payment[,]" and that "a definite date in the future set for payment or a demand for immediate payment is required."). Because there is no legal basis for Plaintiff to recover attorneys' fees or pre-judgment interest, both requests should be stricken pursuant to Fed. R. Civ. P. 12(f).

## LEGAL STANDARDS

A complaint should be dismissed pursuant to Rule 12(b)(6) unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.*" Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). In ruling on a motion to dismiss, the court must construe the complaint liberally and in favor of the nonmovant, *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 319 (2007)), and is required to grant all reasonable inferences in its favor, *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (*citing Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001)), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. 662 at 678 (citation omitted).

Furthermore, Rule 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." A motion to strike "may be granted if

it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). Motions to strike "are viewed with disfavor and infrequently granted," *Lunsford v. U.S.* 570 F.2d 221, 229 (8th Cir. 1977), and striking a party's pleadings is an extreme measure. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) Nonetheless, "it has always been understood that the district court enjoys liberal discretion" in ruling on a motion to strike. *Id.* (internal citations and quotation marks omitted).

## ARGUMENT

Because this matter was removed pursuant to the Court's diversity of citizenship jurisdiction, Missouri state law applies to the substantive issues herein. *Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001). Under Missouri law, the duty of an insurance broker is limited: an insurance broker does "not have a duty to advise the insured on its insurance needs or on the availability of particular coverage ***unless they specifically agree to do so***" or unless the broker's duty becomes expanded as a result of the parties' conduct during their association. *Emerson Elec.*, 362 S.W.3d at 13, 19 (emphasis added); *see also Together Credit Union v. Allied Sols., LLC*, No. 4:20CV1084 HEA, 2022 WL 605233, at *3 (E.D. Mo. Mar. 1, 2022) ("The scope of a broker's duty may vary depending on its agreement with the insured and the relationship between the parties") (citing *Emerson Elec.*, 362 S.W.3d at 10). Moreover, the United States District Court for the Eastern District of Missouri has held:

> Simply alleging [an insurance broker] became thoroughly educated on all operations and phases of the plaintiff's business; held itself and continued to hold itself out as having expertise in the insurance requirements of financial institutions, including plaintiff; and Plaintiff's reliance on these representations in making its decisions on the type and amount of coverage based on the recommendations of [the broker] fails to sufficiently plead [it] undertook an expanded role in procuring insurance coverage for Plaintiff.

*Together Credit Union v. Allied Sols., Inc.*, No. 20CV1084HEA, 2021 WL 1105502, at *2 (E.D. Mo. Mar. 23, 2021).

Here, Plaintiff has not sufficiently pleaded that there was a specific agreement between the parties in which Defendant agreed to advise Plaintiff on its insurance needs or on the availability of professional liability coverage. Further, Plaintiff has failed to sufficiently plead that the parties' conduct during their association caused Defendant's duty to become expanded. Accordingly, Plaintiff has not sufficiently pled that Defendant's duty owed to Plaintiff was expanded beyond the ordinary duty of procuring insurance for Plaintiff and, therefore, has failed to state claims for negligence and breach of fiduciary.

## I.     The Complaint Fails to State a Claim for Negligence.

Plaintiff has not stated facts that plausibly show there was a specific agreement between it and Allied in which Allied agreed to take an expanded role in producing insurance coverage for Plaintiff. *Emerson Elec.*, 362 S.W.3d at 13. Plaintiff has not alleged that there was any such verbal agreement; it has not alleged that there any such written agreement between Plaintiff and Defendant; and Plaintiff has not alleged that any such agreement was reached at any particular point in time. Furthermore, Plaintiff has not alleged that Defendant agreed to provide advice relating to professional liability insurance, or that Defendant or its employees ever said that Defendant agreed to provide advice Plaintiff relating to the availability and advisability of particular coverage.

Instead, Count I vaguely alleges that "Allied violated its duty of care by failing to recommend the appropriate type of coverage with sufficient limits to protect against consumer class action litigation such as the Radloff class action." Compl. ¶ 44. This is a conclusory statement that is not supported by any specific facts, but rather, is supported by the threadbare allegation that

8

"Allied served as plaintiff's insurance broker for the agreed upon purpose of Allied using its expertise to evaluate plaintiff's insurance needs, determine the scope of coverage and coverage limits needed following review of plaintiff's business operations and risks, and to procure insurance coverage for plaintiff sufficient to adequately insure against the risks facing plaintiff's business." Compl. ¶ 5.

In *Together Credit Union*, the plaintiff's amended complaint contained this same conclusory allegation and survived a motion to dismiss. No. 4:20CV1084 HEA, 2022 WL 605233, at *3. However, there, the amended complaint alleged that a specific event took place that would plausibly give rise to an inference that the defendant owed the plaintiff an extended duty as its insurance broker. *See Together Credit Union*, No. 4:20CV1084 HEA, 2022 WL 605233, at *3 (amended complaint including "agreed upon purpose" allegation and specific factual allegation relating to the defendant having attended meetings of the plaintiff's board of directors sufficient to state claims for breach of fiduciary duty and negligence). With respect to the Complaint here, Plaintiff has failed to reference any factual matter—let alone sufficient factual matter—to support its conclusion that Defendant owed it an expanded duty. The closest the Complaint comes to alleging conduct that would give rise to an expanded duty on the part of Defendant is the allegation that "Allied conducted risk reviews, in which it conducted an analysis of the Credit Union's operation, policies, procedures, and routines with inherent risk exposures, which could lead to Credit Union losses." Compl. ¶ 8. But this allegation is effectively the same as alleging that Defendant "became thoroughly educated on all operations and phases of the plaintiff's business," which was among the list of allegations that were insufficient to state claims for negligence/breach of fiduciary duty in the initial complaint in *Together Credit Union. See* 2021 WL 1105502, at *2.

Because the Complaint does not plead sufficient facts from which it could be reasonably inferred that Allied owed Plaintiff a duty to advise it on its insurance needs or on the availability of particular coverage, the Complaint fails to state a claim for negligence. Accordingly, Count I of the Complaint should be dismissed for failure to state a claim.

## II.     The Complaint Fails to State a Claim for Breach of Fiduciary Duty.

An insurance broker is "is a fiduciary with respect to matters within the scope of his agency." *Emerson Elec.,* 362 S.W.3d at 12-13 (internal citations omitted). Unless otherwise provided or shown by the evidence, an insurance broker is regarded as an agent of the insured. *Id*. (quoting *Gilbert v. Milan*, 100 S.W.2d 606, 612 (Mo. Ct. App. 1937)). As an agent of the insured, the insurance broker has a "basic duty of loyalty" and "is under a duty to exercise good faith and reasonable diligence to procure the insurance on the best terms he can obtain." *Id*. at 14 (internal citations, quotations, and emphasis omitted). Accordingly, "[i]f a broker is asked to procure particular insurance but fails to do so or fails to inform the insured that the delivered policy is not the one requested so that the insured can make a knowledgeable decision whether to accept the policy or pursue other insurance, the broker has breached its fiduciary duty to exercise reasonable care, skill and diligence in procuring insurance." *Id*. at 13.

With respect to Plaintiff's purported breach of fiduciary duty claim, its allegation that a fiduciary relationship was created "by agreement" between the parties is a legal conclusion couched as a factual allegation, which the Court is not bound to accept as true. Compl. ¶ 50; *Iqbal*, 556 U.S. at 678. Likewise, the allegation that Allied "agreed to provide and did provide insurance coverage recommendations specific to plaintiff's business operations and related risks," *id*. ¶ 49, is not sufficient factual matter to plausibly allege the existence of a specific agreement between

the parties, nor to plausibly allege conduct that shows Defendant undertook an additional duty of providing advice regarding levels and types of professional liability insurance.

The only facts supporting these conclusory assertions fail "to sufficiently plead Defendant undertook an expanded role in procuring insurance coverage for Plaintiff." *Together Credit Union*, No. 20CV1084HEA, 2021 WL 1105502, at *2. As discussed above, none of the exceptions to the insurance broker's general duty of procurement that were articulated in *Emerson Electric*—the existence of a specific agreement between the parties in which the insurance broker agreed to advise the insured on its need for or the availability of particular coverage, or conduct during the parties' association showing that the broker undertook expanded duties—have been sufficiently alleged in the Complaint. Accordingly, Plaintiff has not plausibly stated that Defendant owed an expanded duty as its insurance broker, and Plaintiff Count II should be dismissed for failure to state a claim.

### III. Alternatively, The Court Should Strike Plaintiff's Requests for Attorney's Fees and Pre-Judgment Interest Because the Complaint Does Not Plead Any Legal Basis That Entitles Plaintiff to Recover Attorneys' Fees or Pre-Judgment Interest.

#### A. The Court Should Strike Plaintiff's Request for Attorneys' Fees.

A federal court sitting in diversity applies the state law that governs the award of attorneys' fees. *Hortica-Florists' Mut. Ins. Co. v. Pittman Nursery Corp.*, 729 F.3d 846, 852 (8th Cir. 2013); *see also RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 213 (S.D.N.Y. 2006) ("Attorneys' fees are considered substantive under the Erie doctrine, and should be analyzed under state law in diversity cases."). "The general rule in Missouri is that attorney fees are not awarded to every successful litigant. *Lucas Stucco & EIFS Design, LLC v. Landau*, 324 S.W.3d 444, 445 (Mo. 2010) (citing *Harris v. Union Elec. Co.*, 766 S.W.2d 80, 89 (Mo. banc 1989)). There are two situations in which attorney fees are recoverable in Missouri: when recovery is specifically

11

authorized by statue "and when the contract provides for attorney fees." *Landau*, 324 S.W.3d at 445 (citing *Essex Contracting, Inc. v. Jefferson Cnty.*, 277 S.W.3d 647, 657 (Mo. banc 2009)).

Here, Plaintiff requests an award of attorneys' fees incurred in pursuing "enforcement of the insurance policies sold to plaintiff under Allied's watch . . . ." Compl. ¶ 24 ; *see also id.* at 10. Pursuant to *Landau*, Plaintiff can only obtain attorneys' fees for pursuing coverage from those carriers if there is a statute that authorizes it, or if there is a contract that provides for it. 324 S.W.3d at 445. In its Complaint, Plaintiff does not cite to any statutes in support of its theory that it is entitled to attorneys' fees for pursuing coverage from its insurers, and there are no applicable statutes that allow for awards of attorneys' fees for pursuing insurance coverage. Moreover, Plaintiff has not alleged that a contract obligates Defendant to pay the cost of pursing coverage. Therefore, "the complaint does not set forth a basis of recover of attorney's fees" and the Court should strike the request under Rule 12(f). *Bonsu v. Jackson Life Ins.*, No. CIVA 1:05CV2444, 2006 WL 1617481, at *1 (M.D. Pa. June 9, 2006) (striking request for attorneys' fees because there was no basis to recover them); *Batteast Const. Co. v. Pub. Bldg. Comm'n of Chicago*, 195 F. Supp. 2d 1045, 1052 (N.D. Ill. 2001) (recognizing that Illinois law prohibits "attorney's fees absent a statute or a contractual agreement" and granting motion to strike where the plaintiff "point[ed] to no statute or contractual agreement that would suggest" it could recover attorney's fees.).

**B.  The Court Should Strike Plaintiff's Request for Pre-Judgment Interest.**

Prejudgment interest is considered substantive for purposes of the *Erie* doctrine, *Schwan's Sales Enterprises, Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 596 (8th Cir. 2007), and "can be based only on either statute or contract." *Child. Int'l v. Ammon Painting Co.*, 215 S.W.3d 194, 202-03 (Mo. Ct. App. 2006) (citation omitted). In Missouri, "[t]he general rule is that prejudgment is not

allowed in tort cases." *Ritter Landscaping, Inc. v. Meeks*, 950 S.W.2d 495, 497 (Mo. Ct. App. 1997).

In the Complaint, Plaintiff does not allege that it is entitled to prejudgment interest under any statute. However, in response to this motion, Plaintiff will likely argue that it is entitled to prejudgment interest under RSMo. § 408.020, which provides:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on ***accounts*** after they become due ***and demand of payment is made***; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

§ 408.020 (emphasis added). "The term 'account' as used in section 408.020 is not limited to its traditional meaning. The term is considered equivalent to a 'claim' or 'demand.'" *Child. Int'l*, 215 S.W.3d at 202 n.11 (citing *Chouteau Auto Mart, Inc. v. First Bank of Mo.,* 148 S.W.3d 17, 27) (Mo. Ct. App. 2004)). Further, for the statute to apply, the amount owed must be readily ascertainable or liquidated. *Id.* at 203 ("Missouri courts may only order prejudgment interest under section 408.020 if the claim is either liquidated, meaning fixed and determined, or readily ascertainable by computation or recognized standards. Liquidated damages must be fixed and determined or readily determinable or ascertainable by computation.") (internal citations omitted). Moreover, "[a] bona fide dispute as to the amount of damages owed will result in the damages being classified as unliquidated, *Child. Int'l v. Ammon Painting Co.,* 215 S.W.3d at 205 (citing *Meeks*, 950 S.W.2d at 497), "[p]re-judgment interest is generally not warranted when the debtor is unaware of the amount owed[,]" *Nusbaum v. City of Kansas City*, 100 S.W.3d 101, 109 (Mo. 2003), and inadequate demand for payment—one that is not "definite as to amount and time[]" and that leaves any "doubt as to when and how much payment is due[]"—will preclude a party

13

from compelling payment of prejudgment interest. *Child. Int'l v. Ammon Painting Co.,* 215 S.W.3d at 204-205.

Plaintiff will likely argue in response to this motion that the amount that it paid out in the Radloff settlement is liquidated, that the attorneys' fees it incurred in defending the Radloff settlement are liquidated, and that it is entitled to interest as of the date of the filing of its state court petition. This argument would be misguided. In particular, Defendant disputes that Plaintiff is entitled to any actual damages at all because it did not owe Plaintiff a duty to provide advice on the advisability and availability of particular insurance coverage. Further, and as set forth above, Defendant disputes that Plaintiff has any legal entitlement to attorneys' fees and therefore there is a bona fide dispute as to the amount of damages owed. *Child. Int'l v. Ammon Painting Co.,* 215 S.W.3d at 205. More, Plaintiff has not adequately demanded payment because it has not submitted a demand that is definite as to amount and time or that leaves no doubt with respect to when and the amount of payment due. *Id.* at 204. Accordingly, Plaintiff's request for pre-judgment interest should be stricken. *See Pub. Bldg. Comm'n of Chicago*, 195 F. Supp. 2d at 1052 (striking the plaintiff's request for pre-judgment interest because the plaintiff failed to sufficiently allege it was entitled to pre-judgment interest).

## CONCLUSION

For the reasons discussed above, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety. In the alternative, the Court should strike with prejudice Plaintiff's requests for attorneys' fees and pre-judgment interest.

RESPECTFULLY SUBMITTED,

McANANY, VAN CLEAVE & PHILLIPS
505 North 7th Street,   Suite 2100
St. Louis, Missouri 63101
314-621-1133
314-621-4405 – facsimile

By:_____/s/ Gregory T. Cook_____
        Gregory T. Cook        #57408 MO
        gcook@mvplaw.com
        Aidan R. Hayward      #73133 MO
        ahayward@mvplaw.com
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of August, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF system which generated electronic notice of same to all counsel of record.

/s/ Gregory T. Cook_____

15