UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLTRU FEDERAL CREDIT UNION, f/k/a 1st FINANCIAL FEDERAL CREDIT UNION, <br><br> Plaintiff, <br><br> vs. <br><br> ALLIED SOLUTIONS, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 4:22-cv-819-MTS

**MEMORANDUM AND ORDER**

Before the Court is Defendant Allied Solutions, LLC's Motion to Dismiss, Doc. [4], Plaintiff's Petition, Doc. [7], pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Motion to Strike Plaintiff's Requests for Attorneys' Fees and Pre-Judgment Interest pursuant to Federal Rule of Civil Procedure 12(f).  For the reasons that follow, the Court denies Defendant's Motion.

**I.   BACKGROUND**

This case concerns claims by Plaintiff Alltru Federal Credit Union f/k/a 1st Financial Federal Credit Union, a credit union, against its insurance broker, Defendant, for failing to procure professional liability insurance for Plaintiff.  Plaintiff brings claims for negligence (Count I) and breach of fiduciary duty (Count II) against Defendant based on allegations that Defendant breached the duty of care it owed to Plaintiff by "failing to recommend the appropriate type of coverage with sufficient limits to protect against consumer class action litigation."  Doc. [7] ¶ 44.

To briefly summarize the facts, Plaintiff alleged it specifically hired Defendant to evaluate Plaintiff's insurance needs, determine the types of coverage and limits needed, and to obtain

sufficient insurance coverage to insure against the risks facing Plaintiff's financial services business. Based on Defendant's "expertise" and assessment of the risks associated with Plaintiff's business, Defendant recommended and obtained insurance coverage for Plaintiff, but never informed Plaintiff the recommended coverage would not afford protection against one of the biggest risks of loss to Plaintiff's business—a consumer class action lawsuit.[1]  Plaintiff later found itself faced with a class-action lawsuit arising out of faulty consumer notices, and Plaintiff was denied insurance coverage for that dispute.

In the instant Motion, Defendant seeks to dismiss the entire action against it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, strike some of Plaintiff's requested relief pursuant to Federal Rule of Civil Procedure 12(f).  Doc. [4].

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  For a pleading to state a claim for relief it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The complaint must contain facts sufficient to state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to

---

[1] Plaintiff further alleges Defendant had actual knowledge of the potential for class-action exposure to credit unions that repossessed cars, like Plaintiff, and also knew the recommended insurance coverage was insufficient to insulate against that risk.  *See* Doc. [7] ¶¶ 26–36.

2

be true and makes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). However, the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

**III.   DISCUSSION**

   A.   **Plaintiff Stated A Plausible Claim For Relief Against Defendant**

In Missouri,[2] "it is settled law" that an insurance broker, like Defendant, "has a fiduciary duty to perform its duties with reasonable care, skill and diligence." *Emerson Elec. Co. v. Marsh & McLennan Companies*, 362 S.W.3d 7, 9 (Mo. banc 2012). The duty is limited to procuring the insurance requested by the insured. *Id.* at 13. However, an insurance broker's duty can be expanded by agreement, course of conduct, or a combination of the two. *Id.* at 19. "To the extent that the petition alleges [a broker] undertook duties in addition to those imposed by law, its failure to fulfill them may be actionable." *Id.* at 10.

In support of its Motion to Dismiss, Defendant argues Plaintiff merely alleges conclusions, without any factual support, that Defendant owed an expanded duty to Plaintiff beyond the ordinary duty of insurance brokers to procure requested insurance. The Court does not agree.

Insurance brokers do not "have a duty to advise the insured on its insurance needs or on the availability of particular coverage, unless [the broker] specifically agree[s] to do so." *Emerson Electric*, 362 S.W.3d at 13 (emphasis added). Plaintiff specifically pleaded Defendant "served as plaintiff's insurance broker for the *agreed upon purpose* of [Defendant] using its expertise to evaluate plaintiff's insurance needs, determine the scope of coverage and coverage limits needed

---

[2] Since this action was brought pursuant to this Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, Missouri state law applies to the substantive issues. *Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001).

3

following review of plaintiff's business operations and risks, and to procure insurance coverage for plaintiff sufficient to adequately insure against the risks facing plaintiff's business." Doc. [7] ¶ 5 (emphasis added); *see also id.* ¶ 10 ("In exchange for [Defendant]'s capabilities, professional guidance and services, [Defendant] received compensation from [P]laintiff . . . in exchange for [Defendant]'s expertise, evaluation, and the insurance coverage procured by [Defendant] for [P]laintiff."). In fact, Defendant "held itself out, to [P]laintiff and to the public," as "having expertise in the insurance requirements of credit unions," and Plaintiff "relied upon" Defendant's representations and "made its decisions" on the "the types and amounts of insurance coverage to purchase through [Defendant] based upon [Defendant]'s recommendations." *Id.* ¶¶ 11–12.

Plaintiff also alleged facts to illustrate the depths to which Defendant went to learn about Plaintiff's business, understand the risks associated with Plaintiff's business, and obtain insurance coverage for Plaintiff that would ensure that the risks to Plaintiff's business were adequately addressed. *See, e.g., id.* ¶¶ 6–8. Based on a review of the Petition, the Court concludes the Petition plausibly shows Defendant took an expanded role in procuring insurance coverage for Plaintiff. *See, e.g., Together Credit Union v. Allied Sols., LLC*, 4:20-cv-1084-HEA, 2022 WL 605233, at *3 (E.D. Mo. Mar. 1, 2022) (denying insurance broker's motion to dismiss where the plaintiff's complaint alleged the broker "became thoroughly educated on all operations and phases of the Plaintiff's business," "held itself, and continued to hold itself, out as having expertise in the insurance requirements of financial institutions," and that the plaintiff "relied on these representations in making its decisions on the type and amount of coverage based on the recommendations").

4

B. **The Court Denies Defendant's Motion to Strike**

Alternatively, Defendant seeks to strike, with prejudice, Plaintiff's requests for attorneys' fees and pre-judgment interest pursuant to Federal Rule of Civil Procedure 12(f).  At this point in the litigation, the Court does not find Plaintiff's requested relief is "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. P. 12(f) (stating the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").  Therefore, the Court denies Defendant's Motion to Strike.  *See also BJC Health Sys. v. Columbia Casualty Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (viewing striking under Rule 12(f) as "an extreme and disfavored measure"  (citing *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000))).

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Allied Solutions, LLC's Motion to Dismiss and Motion to Strike, Doc. [4], is **DENIED**.

Dated this 3rd of March, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE